[No. 21165. Department Two. October 11, 1928.]

CECIL M. RENNIE, *Appellant*, v. WASHINGTON TRUST COMPANY, *Respondent,* WASHINGTON TRUST COMPANY *as Administrator et al., Interveners-Respondents.*[1]

*Danson, Lowe & Danson,* for appellant.

*F. C. Highsmith* and *Davis, Heil & Davis,* for respondents.

ASKREN, J.—This is a suit for the whole of the estate of Wirt W. Saunders, by one claiming under certain instruments executed a few days before his death. The trial court found in favor of the defendant. The issues presented are many and the facts much involved. The issues raise the question of estoppel, *res adjudicata,* failure to file a claim with the estate, forgery of the instrument relied upon, undue influence, and mental incompetency.

Convinced as we are that the trial court's judgment must be sustained upon one of its findings, namely: that the decedent was not able to understand and comprehend the nature of his act when he executed the instrument in question, we shall state only such facts

[1]Reported in 270 Pac. 1031.

shown by the record as are necessary to an understanding and determination of that point.

Wirt W. Saunders died at Corvallis, Oregon, on June 22, 1924, at the home of the appellant who, for many years, had been a close friend. He had lived at her home for several months after his wife's death and immediately preceding his own. He was given to the use of intoxicating liquors to excess and, at times, to opiates which affected his heart as well as his general condition, physically and mentally. His last illness extended about a week, and during that time he became excessively intoxicated and was confined to his bed, suffering from myocarditis, arterio sclerosis, interstitial nephritis, hypostatic pneumonia. During this time he was at intervals in a state of coma. On the 18th day of June, four days prior to his death, it is claimed that he executed three certain instruments, two of them in the morning of that day and one in the afternoon. Of the two claimed to have been signed in the morning, the first is a general power of attorney from Saunders to the appellant. The second is an instrument without legal status or description, but apparently expresses a desire on the part of Saunders to make a statement that in executing the power of attorney in favor of the appellant it was intended by him that appellant should keep all his property.

The instrument executed in the afternoon bequeaths and gives to appellant all the property covered by the power of attorney. Although Saunders was an educated man, a practitioner at the bar, all three instruments are signed with a cross, the first one in addition thereto bearing a meaningless and wholly unintelligible scrawl. While respondent has attacked the instrument, claimed to have been executed in the afternoon, as a forgery, we shall assume its due execution and consider only the mental capacity of Saunders.

■ There was ample testimony before the court justifying the finding made by it that Saunders was incompetent. Experts upon behalf of the respondent testified that, in their opinion, Saunders could not know the nature of his act. Experts for the appellant took the contrary view. There were certain lay witnesses who testified to his competency; and the doctor who attended the deceased and was a witness to the instruments testified to the same effect; but the trial court evidently weighed his evidence in conjunction with certain telegrams he dispatched at the same time to deceased's brother in Texas. These telegrams and the evidence as a whole very convincingly establish that Saunders was in a state of coma for some period of time, from which he only responded sufficiently to be rational at times, and that his mental condition was such as to make him incompetent to understand and know the nature of his act. A recital of these facts as shown by the evidence, we think, clearly establishes the fundamental reason underlying our rule that we will not reverse the findings of the trial court unless they be contrary to the weight of the evidence. The facts being controlling, there is no need to refer to the authorities cited in the briefs.

The judgment is affirmed.

FULLERTON, C. J., HOLCOMB, MAIN, and BEALS, JJ., concur.